**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY J. MATTHEWS,** | ) | **CASE NO. 1:14CR389** |
| | ) | **1:16CV715** |
| | ) | |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Gary Matthews' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 19. The petition is GRANTED.

Matthews raises a single claim in petition. Specifically, Matthews contends that following his sentencing in this matter, one of his state court convictions was vacated. Matthews provide the judgment entry from the state court in Ohio that vacated his attempted trafficking in drugs conviction from November 20, 2013. Matthews further contends that vacating that conviction lowered his criminal history category score to 6 points which would make him a criminal history category III rather than IV. On that basis, Matthews seeks relief.

The Government has opposed the motion contending that Matthews' arguments regarding the advisory guidelines do not rise to the level of a constitutional violation. The Court, however, finds that resentencing in this matter is appropriate under the facts presented herein.

1

The Sixth Circuit has noted as follows: "A nonconstitutional claim-as one might characterize a challenge to the enhancement of a federal sentence based on a void state conviction-is still cognizable under § 2255 "if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Milledge*, 109 F.3d 312, 316 (6th Cir.1997) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (citation and internal quotation marks omitted))." *Watt v. United States*, 162 Fed. Appx. 486, 503 (6th Cir. 2006). "Absent a valid judgment of conviction, the district court may not assume that Watt committed the state crimes charged or require him to prove that he did not commit them. Accordingly, we conclude that it would be a miscarriage of justice to enhance Watt's federal sentence on the basis of state convictions which have been vacated because they were void." *Id.* While not binding on this Court, the Court finds *Watt*'s logic persuasive. The *Watt* holding gives meaning to the dicta in *Custis v. United States*, 511 U.S. 485, 497 (1994) in which the Supreme Court noted that once a defendant successfully challenges his state court convictions in state court, "he may then apply [in a federal habeas petition or § 2255 motion] for reopening of any federal sentence enhanced by the state" conviction."

Accordingly, the Court finds that a failure to resentence Matthews would result in a miscarriage of justice. The petition therefore is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Petitioner Gary Matthews' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **GRANTED.**

The Court will notice Matthews' resentencing in the immediate future.

**IT IS SO ORDERED.**

Dated: October 5, 2017              /s/ *John R. Adams*
                                   **JOHN R. ADAMS**
                                   **UNITED STATES DISTRICT JUDGE**